```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————
LORI JO VINCENT, ET AL.,

                    Plaintiffs,        11 Civ. 7685 (JGK)

        - against -                    MEMORANDUM OPINION
                                       AND ORDER
THE MONEY STORE, ET AL.,

                    Defendants.
————————————————————————————————
```

**JOHN G. KOELTL, District Judge:**

   The plaintiffs have moved for an order granting leave to conduct immediate discovery into the assets of defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis").  The plaintiffs argue that Moss Codilis is no longer doing business and is in the process of dissolving.  The plaintiffs seek the discovery in order to make a motion for a pre-judgment attachment pursuant to Federal Rule of Civil Procedure 64 and the New York C.P.L.R.

   The motion is denied.

   First, the motion is procedurally defective.  Parties may not make a motion seeking discovery without a prior conference with the Court.  See S.D.N.Y. Local R. 37.2.  The reason for the Rule is to prevent needless motions that could be resolved in a conference with the Court.

   Second, the motion is without merit.  The plaintiffs argue that they need discovery because of the dissolution of Moss

1

Codilis.  However, Moss Codilis has also disclosed that it does have an insurance policy from which the costs of this litigation have been paid.  In any event, the plaintiffs have not come close to showing good cause for the extraordinary remedy of pre-judgment discovery of assets.  See, e.g., SierraPine v. Refiner Prods. Mfg., 275 F.R.D. 604, 609 (E.D. Cal. 2011) ("district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment . . . on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence.") (collecting cases); Dickson v. Nat'l Maint. & Repair of Ky., Inc., No. 5:08 Civ. 8, 2011 WL 2610195, at *2 (W.D. Ky. July 1, 2011) ("the facts of this case are not so extraordinary as to warrant such discovery [into the defendant's assets].")

    Nor have the plaintiffs made any showing of any substantial liability of Moss Codilis in this case.  The Court has dismissed as time barred the claims of all named plaintiffs, except for the two New York plaintiffs.  The only effort that the plaintiffs have made to quantify a substantial claim in their papers is by reference to California statutes, but the plaintiffs have already conceded that those claims are made only on behalf of California residents, and those claims have been dismissed as time barred.  Moreover, the Court has already

2

determined in the Mazzei action, No. 01 Civ. 5694, that the plaintiff in that case could not pursue a class action based on claims for breach of contract arising out of the breach letters issued by Moss Codilis. Thus, the plaintiffs in this case have failed to make the necessary preliminary showing that they have any substantial claim against Moss Codilis that could justify a pre-judgment attachment.

The motion for expedited discovery is **denied. The Clerk is directed to close docket no. 55.**

SO ORDERED.

Dated: New York, New York
December 20, 2012

John G. Koeltl
United States District Judge