```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
────────────────────────────────────────────
**LORI JO VINCENT, ET AL.,**

              Plaintiffs,        01 Civ. 5694 (JGK)
                                    03 Civ. 2876 (JGK)
    - against -                      11 Civ. 7685 (JGK)

**THE MONEY STORE, ET AL.,**
                                           <u>MEMORANDUM OPINION</u>
              Defendants.       <u>AND ORDER</u>
────────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Court of Appeals reversed the judgment of this Court dismissing the plaintiffs' Fair Debt Collection Practices Act claim in <u>Vincent v. The Money Store</u>, No. 03 Civ. 2876, 2011 WL 4501325 (S.D.N.Y. Sept. 29, 2011) ("Vincent I"), and the mandate was filed on March 18, 2014.  The plaintiffs now ask this Court to reinstate state law claims that it had originally dismissed in <u>Vincent I</u>.  The plaintiffs ask this Court to reinstate the state law claims on the basis of supplemental jurisdiction under 28 U.S.C. § 1367.  The parties' familiarity with the complex prior proceedings is assumed and only facts relevant to the current application are recounted.  For the reasons explained below, the plaintiffs' application **is denied**.

1

I.

On September 29, 2011, this Court dismissed the plaintiffs' Truth in Lending Act claim and denied a motion for reconsideration of an earlier dismissal of the plaintiffs' Fair Debt Collection Practices Act claim.  See Vincent v. Money Store, 2011 WL 4501325 at *9.  After disposing of the plaintiffs' federal claims, the Court declined to exercise supplemental jurisdiction over the plaintiffs' state law claims, which were dismissed without prejudice.  Id.

The plaintiffs appealed the dismissal of their federal claims, but did not seek any relief with respect to their state law claims.  In the course of the plaintiffs' appeal, defendant Moss Codilis confirmed with the plaintiffs' counsel that the plaintiffs were not appealing the dismissal of the state law claims against Moss Codilis.  Moss Codilis informed the Court of Appeals that it had confirmed the plaintiffs' decision to refrain from such an appeal.  As a result of the plaintiffs' decision, Moss Codilis did not submit a brief to the Court of Appeals in which it could have argued that the dismissal of the state law claims was appropriate because this Court should not have exercised supplemental jurisdiction.

In the course of argument to the Court of Appeals, the plaintiffs' counsel argued to the panel that it was important to

2

reverse the dismissal of the plaintiffs' federal claims because Moss Codilis was in dissolution and creditors needed the federal remedy against the Money Store defendants.  The Court of Appeals stated in footnote 5 to its opinion that the plaintiffs had abandoned their state law claims against Moss Codilis on appeal. Vincent v. The Money Store, 736 F.3d 88, 96 n.5 (2d Cir. 2013). With respect to the plaintiffs' state law claims against the other defendants, the Court of Appeals was silent.

While the plaintiffs' appeal in Vincent I was pending, the plaintiffs filed another action against the Money Store defendants, Moss Codilis, and various other defendants.  See Vincent v. The Money Store, No. 11 Civ. 7685 ("Vincent II").  In Vincent II, the plaintiffs relied on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), to bring in federal court the state law claims over which the Court had declined to exercise supplemental jurisdiction in Vincent I.  The defendants moved for summary judgment dismissing the claims asserted against them in Vincent II as barred by the statute of limitations.  The plaintiffs argued that the statute of limitations had been tolled for various reasons.  In their papers, the plaintiffs represented that the Court could decide the motions in the plaintiffs' favor under New York Civil Practice Law and Rules Section 205 because the plaintiffs' state laws claims in Vincent

3

I had been terminated.  (Pls.' Mem. in Opp. to Defs.' Mot. for Summ. J. at 13-14, <u>Vincent v. The Money Store</u>, No. 11 Civ. 7685, (May 17, 2012).)  The plaintiffs explained: "The appeal in Vincent I is limited to the federal claims dismissed by this Court with prejudice.  The state claims are not the subject of the appeal."  (<u>Id.</u> at 14 n.2.)  The plaintiffs also represented at oral argument that they were not pursuing an appeal of the dismissal of their state law claims in <u>Vincent I</u>.  (Tr. of Oral Arg. at 52, <u>Mazzei v. The Money Store</u>, No. 01 Civ. 5694 (Oct. 2, 2012).)  The plaintiffs explained that they did not discuss the decision of this Court not to exercise supplemental jurisdiction, although it was possible that the Court of Appeals could vacate the dismissal of the state law claims, or that this Court on remand from reinstatement of any federal claim might decide to exercise supplemental jurisdiction.  (<u>Id.</u> at 53.)

After that argument before this Court, the plaintiffs argued to the Court of Appeals that Moss Codilis had been dissolved and used that as an argument that the dismissal of the federal claims against the Money Store defendants should be reversed.  (Tr. of Oral Arg. at 27-28, <u>Vincent v. Money Store</u>, No. 11-4525 (2d Cir. Nov. 8, 2012).)  In deciding the motions for summary judgment in <u>Vincent II</u>, this Court explicitly found that the plaintiffs were not pursuing an appeal of the dismissal

4

of the state law claims.  Vincent v. Money Store, 915 F. Supp. 2d 553, 565 (S.D.N.Y. 2013).  The Court also explicitly stated that "[a]lthough the Federal 'Action' has not been terminated, the non-federal claims, which were dismissed without prejudice, were terminated for purposes of CPLR 205(a)."  Id. at 566.

II.

The plaintiffs now attempt to reinstate their state law claims in Vincent I.  That is plainly inconsistent with the argument that the plaintiffs made before the Court of Appeals in Vincent I, contrary to the finding by the Court of Appeals that the plaintiffs had abandoned their claims against Moss Codilis, and contrary to the representations upon which this Court relied in deciding the defendants' motions for summary judgment in Vincent II.

In light of the explicit finding by the Court of Appeals that the plaintiffs abandoned their state law claims against Moss Codilis on appeal, it is not for this Court to reinstate the plaintiffs' state law claims.  The plaintiffs argue that the Court of Appeals was mistaken in finding that the plaintiffs had abandoned their claims against Moss Codilis.  But any relief from what the Court of Appeals found should be sought from the Court of Appeals and not this Court.  The plaintiffs can explain

5

to the Court of Appeals why they relied on the dissolution of Moss Codilis only to ask that claims against Moss Codilis be reinstated before this Court.

Moreover, because the plaintiffs represented in opposing the defendants' motions for summary judgment in Vincent II that their state law claims in Vincent I had been terminated, the Court declines on the basis of judicial estoppel to restore the plaintiffs' remaining state law claims in Vincent I. See, e.g., Intellivision v. Microsoft Corp., 784 F. Supp. 2d 356, 363 (S.D.N.Y. 2011) ("The federal doctrine of judicial estoppel bars a party from taking a position that is inconsistent with one taken in a prior proceeding if the first position was adopted by the tribunal to which it was advanced." (citation and internal quotation marks omitted)), aff'd, 484 F. App'x 616 (2d Cir. 2012) (summary order); see also Rodal v. Anesthesia Grp. of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir. 2004).

The plaintiffs' present position, that their state law claims were not terminated by the Court's dismissal of those claims in Vincent I, is plainly inconsistent with the position that the plaintiffs adopted in opposing the defendants' motions for summary judgment in Vincent II. See, e.g., Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial

admissions of fact."). The Court relied on the plaintiffs' position in disposing of the defendants' argument that the claims of each plaintiff in Vincent II could be dismissed because the relevant statute of limitations had run. Adopting the plaintiffs' inconsistent position would plainly impose an unfair prejudice on the defendants and certainly cause inconsistent results because adopting the plaintiffs' inconsistent position would restore in Vincent I various claims dismissed in Vincent II. For these reasons, the plaintiffs are judicially estopped from asserting that their state law claims should be reinstated on remand from the decision of the Court of Appeals in Vincent I. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001); In re Adelphia Recovery Trust, 634 F.3d 678, 695-96 (2d Cir. 2011).

The plaintiffs argue that judicial estoppel and waiver cannot be used to deprive this Court of jurisdiction over their state law claims. While this is true, the Court plainly has jurisdiction over Vincent I. Moreover, the Court plainly has jurisdiction to decide whether to exercise supplemental jurisdiction over the state law claims. The Court chooses not to exercise supplemental jurisdiction based on, among other grounds, judicial estoppel.

7

**Conclusion**

The Court has considered all the remaining arguments of the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the foregoing reasons, the plaintiffs' state law claims in Vincent I are **not reinstated**.  Accordingly, only the plaintiffs' FDCPA claim remains in Vincent I.  Some state law claims remain in Vincent II.  The plaintiffs do not request that the Court restore the plaintiffs' FDCPA claim in Mazzei v. The Money Store, 01 Civ. 5694.  As a result, the plaintiffs' claims in Mazzei are unaffected by the decision of the Court of Appeals in Vincent I.
**SO ORDERED.**

**Dated: March 18, 2014**
**New York, New York**                    _____/s/_____
                                                   **John G. Koeltl**
                                          **United States District Judge**